The opinion of tbe Court was delivered by
Poché, J.
This is an application for writs of certiorari and prohibition, with the object of preventing the execution of a judgment under which a writ of mandamus was issued against Relator, to compel him to pay the sum of one hundred and ninety-nine dollars and seventy-five cents to the holder of certain jury warrants amounting to that sum. •
Relator charges that under the Statutes of 1856 and of 1858, dividing the Parish of Jefferson into two distinct corporations to be known as the Right and Left Banks, and providing for the mode of payment by *783 proportions of parish obligations, by said corporations, the Right Bank of the Parish of Jefferson could be held liable for only 74i per cent, of the warrants, which it was condemned to pay in full by the judgment complained of, and that by disregarding the plain, positive and unambiguous terms of these statutes, the District Judge has usurped jurisdiction and authority not conferred to him by law.
The District Judge, in his answer, justifies by urging in substance that he had jurisdiction over the matter in controversy, ratione materia et persona!, and that the case being unappealable, his judgment cannot be reviewed by us, as the real complaint of Relator is that the judgment was erroneously rendered both on the law and the facts.
It is now too well settled to admit of any possible discussion, that in an application for a prohibition, even under our supervisory jurisdiction, our investigation must be strictly confined to the question of jurisdiction vel non of the lower court.
In the present case it is not contended here, nor was it even intimated below, that the cognizance of the cause did not belong to the lower court, but to another, or that said court was not competent to decide it.
It is conceded that if the mandamus obtained by the holder of the warrants had condemned the Right Bank of Jefferson to pay 74-J per cent, of the amount of said warrants, instead of holding it liable for the full amount, the present Relator would have had no cause of complaint, and the judgment thus rendered would have been legal, final and binding.
Therefore, the complaintis not that the lower court had no jurisdiction, power or authority to try the cause, and to grant a mandamus in the premises ; but that the mandamus was rendered for a rate in excess of the limits prescribed by law.
Thus, it appears clear to us, that the Judge has not usurped' jurisdiction or authority in the cause, not conferred to him by law, but that at most he has rendered a judgment contrary to the law and the evidence in the case, and hence such a judgment could only be reviewed and reversed on appeal.
It may very well be that this judgment is in flagrant violation of law, will work irreparable injury and visit a great hardship on the corporation affected by it, but under our well-defined jurisdiction we are powerless to relieve the Relator, and have no more authority to revise that judgment than any other judgment in an unappealable case, falling, as this case undoubtedly does, within the jurisdiction of the court which rendered the judgment.
In the case of the State ex rel. Fernandez vs. Judge, recently decided by us, the lower court was denied -jurisdiction, and was without *784 authority in law to act or adjudicate at all in the matter involved, and it follows that that decision is no authority in this case, where the statutes charged to have been disregarded by the lower court, are not statutes of jurisdiction, but mere-remedial statutes, and in which-the jurisdiction of the court ratione materia) et personae, is not even questioned or doubted by the Relator himself.
It is, therefore, ordered, that the alternative writs .herein issued be recalled and rescinded; and that the writ of prohibition prayed for be denied, at Relator’s costs.
Levy, J., absent.